# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLARD E. MORRISON,

        Petitioner,

  -vs-

WARDEN, Ross Correctional Institution,

        Respondent.

Case No. 1:09-cv-760

District Judge Sandra S. Beckwith
Magistrate Judge Michael R. Merz

## SUPPLEMENTAL MEMORANDUM OPINION

This habeas corpus case is before the Court on Petitioner's Objection (Doc. No. 19) to the Magistrate Judge's Decision and Order (Doc. No. 18) denying Petitioner leave to depose his trial attorney, Eric Wrage. The General Order of Assignment and Reference permits a magistrate judge to supplement a decision when objection is made.

The habeas claim as to which this discovery is sought is Ground Four in which Mr. Morrison claims he received ineffective assistance of trial counsel because Mr. Wrage did not ensure that he understood what it meant to plead no contest. While deposing Mr. Wrage on what he told Mr. Morrison outside the record about what a no contest plea meant would be focused and material, the Magistrate Judge declined to authorize the deposition because Petitioner had not been diligent in pursuing this evidence in the state courts.

The sole means in Ohio law of introducing evidence outside the direct appeal record on a constitutional claim is by filing a petition for post-conviction relief under Ohio Revised Code § 2953.21. Had Mr. Morrison filed such a petition, he could have attached to it his affidavit of what his attorney said to him about a no contest plea. He could also have attached an affidavit from Mr.

Wrage. If Wrage had declined to provide an affidavit, he could have sought discovery through the Common Pleas Court.   He never did any of these things; indeed, he never filed a post-conviction relief petition at all.

In order to obtain an evidentiary hearing in federal court on a claim on which he has not fully developed the factual basis in state court, a habeas corpus petitioner must show cause and prejudice under *Wainwright v. Sykes*, 433 U.S. 72 (1977).  *Keeney  v. Tamayo-Reyes*,  504 U.S. 1 (1992). In adopting the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress intended to preserve at least one aspect of *Keeney  v. Tamayo-Reyes*,  504 U.S. 1 (1992): "prisoners who are at fault for the deficiency in the state-court record must satisfy a heightened standard to obtain an evidentiary hearing. . . . [T]he opening clause of §2254(e)(2) codifies *Keeney's* threshold standard of diligence, so that prisoners who would have had to satisfy *Keeney's* test for excusing the deficiency in the state-court record prior to the AEDPA are now controlled by §2254(e)(2)." *Michael Williams v. Taylor*, 529 U.S. 420, 433-434 (2000).  "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in the manner prescribed by state law." 529 U.S. at 437.  On a claim of ineffective assistance of trial counsel for failure to present mitigating evidence, AEDPA requires the petitioner to have presented the factual bases of his claims during postconviction proceedings in state court. *Frazier v. Huffman,* 348 F.3d 174 (6th Cir. 2003), citing *Alley v. Bell,* 307 F.3d 380, 386 (6th Cir. 2002). Because Mr. Morrison was not diligent in this way in pursuing his ineffective assistance of trial counsel claim in the state courts, the Magistrate Judge held he could not present such evidence in this Court and therefore could not obtain discovery of such evidence under Habeas Rule 6.

Petitioner raises two objections.

First of all, he says the Magistrate Judge's standard for discovery is "more strenuous and

incorrect" when compared with the proper standard (Objections, Doc., No. 19, Page ID 525). He claims the correct standard is "a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief.'" *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004), quoting *Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997). He relies on similar language from *Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991), quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)(Objections, Doc. No. 19, Page ID 524).

As the Magistrate Judge understands Petitioner's first objection, it is that the standard for discovery imposed by the Magistrate Judge is "incorrect" and overly "strenuous" because it applies *Keeney, supra,* as codified in 28 U.S.C. § 2254(e)(2), to the discovery issue. But that is logically entailed by the Supreme Court's decision in *Michael Williams, supra.* There is no point in gathering evidence through discovery that one cannot present to show one is entitled to habeas relief. To put the point in another way, how can a petitioner use discovered evidence to "demonstrate that he is entitled to relief" if he cannot present it to the habeas court for consideration?

Discovery in a habeas corpus case – indeed, in federal cases generally – is not a disembedded fact gathering process as if to satisfy someone's curiosity. Rather, it is fact gathering with a purpose – presentation of facts in evidence in court. If those facts are of a sort that they cannot be presented in court because one was not diligent in gathering them in the state court, then discovery does not serve its lawful purpose and should not be authorized.

It may be that Petitioner's counsel, although they have not yet said so, intend to try to avoid the 2254(e)(2) bar by offering discovered evidence as an expansion of the record. That approach is also unavailing. "When expansion of the record is used to achieve the same end as an evidentiary hearing, the petitioner ought to be subject to the same constraints that would be imposed if he had

sought an evidentiary hearing" *Boyko v. Parke,* 259 F.3d 781, 790 (7th Cir. 2001).  Pursuant to AEDPA, a prisoner may introduce new evidence in support of an evidentiary hearing or relief without an evidentiary hearing "only if [the prisoner] was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed in § 2254(e)(2) were met." *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004) (citing *Michael Wayne Williams v. Taylor*, 529 U.S. 420, 431-37 (2000)).

Petitioner's second objection is that he exercised due diligence in the state courts by obtaining merits review of his ineffective assistance of trial counsel claim on direct appeal and if he had done what the Magistrate Judge says he should have done – raise this claim in a petition for post-conviction relief – he would have "invite[d] a procedural default." (Objections, Doc. No. 19, Page ID  525.) "Indeed," he says, "the United States Supreme Court has reversed the Sixth Circuit on this very point." *Id.*, citing *Cone v. Bell*, 129 S. Ct. 1769, 173 L. Ed. 2d 701 (2009), and *Welloms v. Hall*, 130 S. Ct. 727 (2010).

This argument misunderstand *Cone*. There the Supreme Court held that, if the state courts have reached the merits of a federal constitutional claim, that claim is preserved for federal merits review even if a later state court decision refuses to reach the merits of the same claim because of some procedural default. Cone, 129 S. Ct. at 1781-1782.  The Magistrate is not suggesting Mr. Morrison has forfeited merits habeas review of his claim by not filing a post-conviction petition. Indeed, the Warden concedes the claim is preserved for merits review. The question is rather whether Petitioner can introduce new evidence on that claim, evidence he was not diligent in seeking in the state courts. *Cone* does not overrule *Keeney* or indeed cast any doubt on its continued viability.

Accordingly, it is respectfully submitted that the Magistrate Judge's decision denying discovery is not contrary to law.

December 20, 2010.

s/ **Michael R. Merz**<br>
United States Magistrate Judge